UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICK VOGEL,

                                Plaintiff,

v.                                                          Index No.

CONSUMERS BEVERAGES, INC.

                                Defendant.
_____

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. PRELIMINARY STATEMENT

1. This arises under Title I of the Americans with Disabilities Act, 42 U.S.C. §12101, et. seq. ("ADA"), for discrimination based on disability and retaliation.

### II. JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343

3. Venue is properly laid within the Western District of New York pursuant to 28 U.S.C. § 139J(b) in that the Plaintiff lives in the Western District of New York, the Defendant is located in the Western District of New York, and a substantial part of the acts or omissions giving rise to the claim occurred in the Western District of New York.

### III. PARTIES

4. That the Plaintiff resides in Depew, New York.

5. The Defendant Consumers Beverages, Inc. (hereinafter "CB") is corporation organized and existing under the laws of the State of New York.

6. That beginning in or about June 2022, Plaintiff was an employee of Defendant CB.

7. CB is an "employer" under Title I of the ADA as it is engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

8. At all relevant times herein, Defendant CB exercised control over the Plaintiff.

9. At all relevant times herein, Plaintiff took direction from Defendant CB.

10. At all relevant times herein Defendant CB and its' agents, made the decisions which led to the violations of the Plaintiff's rights under Title I of the ADA

### IV. PREREQUISITES TO CLAIMS UNDER TITLE I OF THE ADA

11. That in or about August 2, 2022, Plaintiff mailed a completed and signed intake questionnaire form to the Equal Employment Opportunity Commission ("EEOC") together with a narrative summary he had prepared of the discrimination and harassment she suffered while in the employ of the Defendant as is more fully detailed in this complaint to the EEOC in Buffalo, New York.

12. On or about January 30, 2023, the EEOC uploaded to their website Plaintiff's "Right to Sue" letter advising him of the completion of the prerequisites to suit. A copy of the "Right to Sue" letter is annexed hereto as Exhibit A.

### V. FACTS

13. Plaintiff was employed with the Defendant CB in June of 2022. His duties included, stocking the cooler and shelves, processing bottle returns, and general maintenance.

14. On June 9, 2022, Plaintiff began his shift with the Defendant and was informed by the manager that he was not working out as the Defendant did not believe that he could perform the physical aspects of his job due to Plaintiff's disability.

15. That Plaintiff in response requested that he work the cash register as he believed that was a job he could do and would accommodate him given his disability.

16. That the Defendant replied that he would not be able to keep up with the pace required to be a cashier and denied Plaintiff this accommodation.

17. That Plaintiff was then terminated.

18. That at the time of Plaintiff's termination, he had only worked one prior shift for Defendant CB.

19. That during this prior shift, he never indicated to the Defendant that he was struggling to be able to perform the physical tasks required for the position.

20. Prior to Plaintiff beginning his employment with CB, he interviewed with the Defendant who was aware of his disability and nonetheless hired him with full knowledge of what the tasks he would be responsible for doing during his shifts.

21. By reason of the foregoing, Defendant has violated Plaintiff's rights pursuant to Title I of the ADA in that the Plaintiff was discriminated against due to his disability.

22. That Plaintiff was subjected to discriminatory conduct by the Defendant CB that created an offensive work environment on the basis of his disability.

23. Defendant CB's employees were in positions to adversely affect the terms, conditions and privileges of Plaintiff's employment.

24. That Defendant CB failed to provide any reasonable accommodations to the Plaintiff that would allow him to perform his job.

25. In the alternative, Defendant CB failed to provide Plaintiff with the opportunity to perform a different job or task of which said position was presently available at the time of Plaintiff's injury that compensated Plaintiff at the same rate of pay as the Plaintiff's current positon.

26. As a result of Defendant CMH's actions, Plaintiff experienced loss of income, fear, anxiety, shame, embarrassment, emotional pain and suffering, and loss of enjoyment of life.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the Defendant for

(a) Actual damages;

(b) Compensatory damages, including but not limited to

(c) Punitive damages;

(d) Costs, disbursements and reasonable attorney's fees;

(e) For such other and further relief as may be just and proper.

## VI. DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues in this action.

Dated: February 15, 2023

4

 /s/Seth J. Andrews_____
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
sandrews@kennethhiller.com